IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

AUNKH RA AUNHKHOTEP
a.k.a. Khalifa K. Ahdnahd                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 5:09cv103-DCB-MTP

BRUCE PEARSON                                                                                DEFENDANT

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Plaintiff's Motion for Injunctive Relief [16]. Having considered the motion and the applicable law, the undersigned recommends that the Motion [16] be DENIED.

FACTUAL BACKGROUND

On November 16, 2009, Plaintiff Aunhk Ra Aunhkhotep, also known as Khalifa K. Ahdnahd, filed a Motion for Injunctive Relief [16]. Defendant Bruce Pearson is not yet before the court, and thus, has not responded. In his Motion [16], Plaintiff states that the conflicting and ambiguous mail room practices at FCI Yazoo City are interfering with his right of access to the courts. Specifically, he claims that he attempted to mail a letter to the court on November 4 and 5, 2009, and it was refused by Officer Redd due to alleged requirements about labels for the addressee and return address for the envelope. He claims that on both days Officer Redd gave him conflicting instructions. On November 10, 2009, Plaintiff returned to the mail room with the letter, this time with the addressee's address on a label on the envelope, and the return address hand-written. Plaintiff claims Officer Redd accepted the letter for mailing but warned Plaintiff that both the return address and the addressee's address must now be hand-written on the envelope. Presumably, Plaintiff is referring to the letter [14] filed November 12, 2009, requesting a copy of the court docket. Plaintiff seeks an order from the court directing Defendant

to permit him to send correspondence to the court "unfettered" and in the traditional way of mailing legal pleadings to the court. Memo. [16] at 5.

ANALYSIS

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

Plaintiff has failed to demonstrate a substantial likelihood of success on the merits for his denial of access to the courts claim. Plaintiff was not ultimately prevented from filing any court pleadings. Taking Plaintiff's allegations as true for purposes of addressing this motion, at worst the mailing of his letter was delayed approximately seven days. The letter [14] was ultimately received by the court, and Plaintiff suffered no actual injury as a result of the minimal delay. *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996) (citation omitted) (stating that in order to prevail on an access-to-the-courts claim, plaintiff must show an "'actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim'"); *see also Cartner v. Lowndes County*, 89 Fed. App'x. 439, 442 (5th Cir. 2004) (affirming dismissal of access-to-the-courts claim where plaintiff failed to explain "how his position as a litigant was adversely affected"). Indeed, the letter was not a pleading required

2

by the court, but was a letter from Plaintiff simply requesting a copy of the docket in this case, which was mailed to him on November 12, 2009.

Moreover, Plaintiff has since been able to file subsequent court pleadings, including the instant motion. Further, there is no substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted. While Officer Redd may have been mistaken about his initial mailing instructions to Plaintiff, he ultimately accepted his legal mail and informed him that future legal mail must contain a hand-written address and return address on the envelope. Accordingly, Plaintiff is not entitled to the extraordinary remedy of injunctive relief.

## RECOMMENDATION

As Plaintiff has failed to demonstrate the elements necessary to receive the requested injunctive relief, it is the recommendation of the undersigned that Plaintiff's Motion for Injunctive Relief [16] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by

the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 1st day of December, 2009.

s/ Michael T. Parker<br>United States Magistrate Judge