**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

AUNHK RA AUNHKHOTEP
a.k.a. Khalifa K. Ahdnahd                                                              **PLAINTIFF**

V.                                                          CIVIL ACTION NO. 5:09cv103-DCB-MTP

BRUCE PEARSON                                                                         **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Petitioner's Petition for Writ of Mandamus [1] and Motion for Judgment on the Pleadings [24]. Having considered the petition and the motion and the applicable law, the undersigned recommends that the Petition [1] be dismissed and that the Motion [24] be denied.

## FACTUAL BACKGROUND

Petitioner Aunhk Ra Aunhkhotep, also known as Khalifa K. Ahdnahd, filed his petition for Writ of Mandamus [1] under 28 U.S.C. § 1361 on June 23, 2009. In his petition, Petitioner claims that Respondent Bruce Pearson has illegally declined to add his legally changed name in the Bureau of Prisons' ("BOP") prison record system (SENTRY) and to his I.D. card for recognition purposes in conjunction with his committed name, Khalifa K. Ahdnahd.[1]

In his Response [22] to the Petition, Respondent claims that the petition should be dismissed for the following reasons: 1) Petitioner failed to exhaust his available administrative remedies; 2) he does not have a clear right to the relief demanded; 3) Respondent does not have a clear duty to do the act requested; 4) Petitioner has other avenues to redress his grievance; and 5)

---

[1] Petitioner attaches an order from the Circuit Court of St. Francis County, Arkansas, approving Petitioner's legal name change from Khalifa K. Ahdnahd to Aunhk Ra Aunhkhotep. *See* Ex. L to Petition [1] at 23.

Petitioner's claim is moot.

ANALYSIS

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The writ of mandamus is an extraordinary remedy and should only be used in extraordinary circumstances. *United States v. Fierro*, 47 F.3d 424 (5th Cir. 1995). The petitioner seeking the writ of mandamus "must show that no other adequate means exist to attain the requested relief and that his right to the issuance of the writ is 'clear and indisputable.'" *Fierro*, 47 F.3d at 424 (quoting *In re Willy*, 831 F.2d 545, 549 (5th Cir.1987)). The issuance of the writ of mandamus lies within the discretion of the court. *Fierro*, 47 F.3d at 424.

In order for Petitioner to be granted mandamus relief, he must demonstrate "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997).

The court agrees with Respondent that Petitioner has another available adequate remedy – a *Bivens* action – and thus, he should not be granted the extraordinary remedy of a writ of mandamus. *See Fierro*, 47 F.3d at 424. As Petitioner's allegations concern his conditions of confinement at FCC Yazoo City, his claims could be asserted pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[2]  *See James v. Reese*, No.

---

[2]A *Bivens* action mirrors a civil rights action brought under 42 U.S.C. § 1983, the difference being that a *Bivens* action applies to alleged constitutional violations by federal actors, while a Section 1983 action applies to alleged constitutional violations by state actors. *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005). The court in no way concludes that such claims would be meritorious in a *Bivens* action.

5:05CV155DCB-JCS, 2006 WL 3930811, at *1 (S.D. Miss. Oct. 25, 2006) (dismissing plaintiff's petition for writ of mandamus, reasoning that because plaintiff had other avenues by which he could seek relief, for instance, use of the BOP's administrative remedy program or a *Bivens*-type action, he clearly did not lack any other adequate remedy). As Petitioner has failed to demonstrate "the lack of any other adequate remedy," his petition must be denied. *See In re Stone*, 118 F.3d at 1034.

Moreover, as Respondent points out, Petitioner's request for relief is essentially moot. The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987). A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke,* 150 Fed. App'x 329, 331 (5th Cir. Oct. 6, 2005) (citation omitted).

In his Petition, Petitioner asks the court to order Respondent Bruce Pearson to add his legally changed name, Aunhk Ra Aunhkhotep, in the BOP's prison record system (SENTRY). Respondent submits that the BOP added Petitioner's name, Aunhk Ra Aunhkhotep, into the SENTRY computer database as an alias to Petitioner's committed name, Khalifa K. Ahdnahd, on December 17, 2009. *See* Response [6] at 2; Ex. 6 to Response [22-2]. Petitioner concedes that his desired name was added to the SENTRY system, but claims it was not "properly added" because it was added as an "alias" and not in the "legal" field in accordance with BOP Program Statement 5800.14 § 402(d). The court notes that Policy Statement 5800.14 has been rescinded and replaced with Program Statement 5800.15. *See* Ex. 7 to Response [22-2]; *see also*

http://www.bop.gov/DataSource/execute/dsPolicyLoc.  Regardless, Petitioner is not entitled to have his name added to the system in whatever manner he chooses.  Program Statement 5800.15 provides that SENTRY must reflect the prisoner's committed name, which may only be changed by an order **from the federal sentencing court**.  S*ee*  http://www.bop.gov/DataSource/execute/dsPolicyLoc, Ch. 5, Page 4.  It further provides that the SENTRY "legal" name field must be updated to include any "legal" names **the sentencing court provided**.  *Id.*  Petitioner has not provided any order from his sentencing court reflecting his current legal name change.[3]  Rather, he submitted an order from the Circuit Court of St. Francis County, Arkansas.  *See* Ex. L to Petition [1] at 23.  Petitioner's name has been changed in the system to the extent allowed by the applicable regulations.  Accordingly, the court agrees with Respondent's position that Petitioner's request for relief is moot.

Finally, in Petitioner's Motion for Judgment on the Pleadings [24], Petitioner claims he is entitled to judgment as a matter of law because Respondent failed to timely file an answer to his petition.  On November 30, 2009, the court entered an Order [18] granting Respondent an extension of time until December 31, 2009 to file his answer.  In accordance with the court's Order [18], Respondent timely filed his Answer [22] on December 30, 2009.  Therefore, Petitioner's Motion [24] is without merit and should be denied.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's Petition for Writ of Mandamus [1] be dismissed, and that his Motion for Judgment on the Pleadings [24] be denied.

---

[3] Petitioner was sentenced by the United States District Court for the Eastern Division of Missouri.  *See* Ex. 1 to Response [22].

4

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 3rd day of March, 2010.

                                                  s/ Michael T. Parker
                                                  United States Magistrate Judge