```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

AUNKH RA AUNHKHOTEP
a.k.a. Khalifa Ahdnahd                                  PETITIONER

VS.                        CIVIL ACTION NO. 5:09-103(DCB)(MTP)

BRUCE PEARSON                                           RESPONDENT

### ORDER ADOPTING REPORTS AND RECOMMENDATIONS

This cause is before the Court on the Reports and Recommendations of Magistrate Judge Michael T. Parker **(docket entries 19 and 31)**, and on the petitioner Aunkh Ra Aunhkhotep ("Aunhkhotep")'s objections thereto (docket entries 21 and 33). Also pending are the petitioner's motion for injunctive relief **(docket entry 15)** and motion for judgment on the pleadings **(docket entry 24)**.

Having carefully considered the Petition for Writ of Mandamus, the reports and recommendations of the magistrate judge and the petitioner's objections, as well as the petitioner's motions and the respondent's responses, and being fully advised in the premises, the Court finds as follows:

The plaintiff, Aunhk Ra Aunhkhotep, also known as Khalifa K. Ahdnahd, filed his petition for Writ of Mandamus under 28 U.S.C. § 1361 on June 23, 2009. In his petition, Aunhkhotep claims that respondent Bruce Pearson, Warden of the Federal Correctional Complex at Yazoo City, Mississippi ("FCI Yazoo City"), has

illegally declined to add his legally changed name in the Bureau of Prisons ("BOP")'s prison record system (SENTRY) and to his I.D. card for recognition purposes in conjunction with his committed name, Khalifa K. Ahdnahd.

On November 16, 2009, Aunhkhotep filed a motion for injunctive relief claiming conflicting and ambiguous mail room practices at FCI Yazoo City are interfering with his right of access to the courts.  Specifically, he claims that he attempted to mail a letter to the Court on November 4 and 5, 2009, and it was refused by Officer Redd due to alleged requirements about labels for the addressee and return address for the envelope.  In a Report and Recommendation dated December 1, 2009, Magistrate Judge Parker finds that the petitioner has failed to demonstrate a substantial likelihood of success on the merits of his denial of access to the courts claim, that the petitioner was not ultimately prevented from filing any court pleadings, and that his motion for injunctive relief should be denied.

In his objections, the petitioner claims that he intended to assert a free speech claim as well as an access to the courts claim.  However, because Aunhkhotep does not allege deprivation of mail delivery, but only delay in the delivery of his mail, he has not stated a constitutional claim.  See <u>Richardson v. McDonnell</u>, 841 F.2d 120, 121-22 (5th Cir. 1988)(delay in processing a prisoner's mail will not offend the Constitution if the prisoner

cannot show that the delay resulted in legal prejudice).  Thus, the petitioner has failed to demonstrate a substantial likelihood of success on the merits of a free speech claim as well.  The Report and Recommendation shall be adopted as the finding of this Court. In addition, the Court finds that Aunhkhotep is not entitled to injunctive relief on his free speech claim.

On December 30, 2009, Warden Pearson filed his response to the petition for writ of mandamus.  The respondent claims that the petition should be dismissed for the following reasons: (1) petitioner failed to exhaust his available administrative remedies; (2) he does not have a clear right to the relief demanded; (3) respondent does not have a clear duty to do the act requested; (4) petitioner has other avenues to redress his grievance; and (5) petitioner's claim is moot.

On January 5, 2010, the petitioner filed a motion for judgment on the pleadings, claiming that the respondent failed to file an answer or other responsive pleading within the time frame provided in Fed.R.Civ.P. 12(a)(2) and the Court's Order of November 30, 2009.  The Court finds that the Court's Order granted the respondent until December 31, 2009, to file his answer, and the answer was filed on  December 30, 2009; therefore, it was timely. The petitioner's motion also claims that the petition "clearly establishes that no material issues of fact remain[] to be resolved, and that Petitioner is entitled to judgment as a matter

of law."  That issue is addressed below in the discussion of the petitioner's Petition for Writ of Mandamus and Magistrate Judge Parker's Report and Recommendation.

In his Report and Recommendation of March 3, 2010, Magistrate Judge Parker notes that in order to be granted mandamus relief, the petitioner must demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy.  In this case, the petitioner has other available adequate remedies - use of the BOP's administrative remedy program or an action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Furthermore, on December 17, 2009, the petitioner's desired name was added to the SENTRY system.

In his objections, the petitioner claims that the Report and Recommendation fails to address the "Respondent's refusal to add legal name to prison I.D. card [and] the Bureau of Prisons' refusal to accept United States Postal Money Orders in Petitioner's legal name in conjunction with committed name."  Objections, p. 2.  However, because the petitioner has other available adequate remedies, he is not entitled to mandamus relief and his petition shall be denied.  For the same reason, his motion for judgment on the pleadings shall be denied.

On June 17, 2010, the petitioner filed a motion for an order prohibiting prison authorities from making unauthorized withdrawals

from his Trustfund Account.  On July 1, 2010, he filed a motion to have the respondent held in contempt of court, also for unauthorized withdrawals from his Trustfund account.  On July 23, 2010, the petitioner filed a motion to withdraw the July 1, 2010 motion, stating: "Petitioner now concedes that Respondent's actions are legally permissible and thus compliant with the Court's Payment Schedule Order."  On July 23, 2010, Magistrate Judge Parker granted the motion to withdraw, denied the July 1, 2010 motion as moot, and, since it dealt with the same issue now conceded by the petitioner, denied the June 17, 2010 motion as moot.

Accordingly,

IT IS HEREBY ORDERED that the Reports and Recommendations of United States Magistrate Judge Michael T. Parker **(docket entries 19 and 31)** are adopted as the findings of this Court;

FURTHER ORDERED that, based on the Report and Recommendation (docket entry 19) and additional findings by the Court, the petitioner's motion for injunctive relief **(docket entry 15)** is DENIED;

FURTHER ORDERED that based on the Report and Recommendation (docket entry 31) and additional findings by the Court, the petitioner's motion for judgment on the pleadings **(docket entry 24)** is DENIED;

FURTHER ORDERED that the petitioner's motion for extension of time to file objections **(docket entry 32)** is granted for a period

up to and including March 30, 2010, the date the petitioner's objections were filed;

FURTHER ORDERED that, based on the Report and Recommendation (docket entry 31) and additional findings by the Court, the petitioner's Petition for Writ of Mandamus (docket entry 1) is DENIED.

A separate Final Judgment, dismissing this action with prejudice, shall be entered forthwith.

SO ORDERED, this the 28th day of September, 2010.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE